# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PAUL HANBY, *et al.*          )
                              )
        Plaintiffs,    )
                              )
vs.                           )    NO. CIV-17-1137-HE
                              )
DODSON TRUCKING, *et al.*     )
                              )
        Defendants.    )

# **ORDER**

Plaintiffs Paul and Maureen Hanby brought this action seeking to recover for injuries they suffered in a motor vehicle accident. They named as defendants Dodson Trucking and David Dodson. Their complaint asserts negligence claims based on multiple theories.

Defendant David Dodson has moved for summary judgment on the basis that "Dodson Trucking" is not a separate entity and that, as to the claims against him, there is no evidence of his negligence.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry

of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Applying this standard to the parties' submissions, the court concludes defendant's motion should be granted as to any claims against "Dodson Trucking" but otherwise denied.

## Factual background

The general circumstances giving rise to plaintiffs' claims are undisputed. Plaintiffs were traveling on their motorcycle on Interstate 40 in western Oklahoma when they encountered a heavy rainstorm. Defendant Dodson was driving his semitractor-trailer on the same stretch of Interstate 40. When the rainstorm was encountered, plaintiffs were traveling with other motorcycle riders in the outer or right hand lane of the highway. Mr. Dodson's vehicle was traveling in the same direction, in the same lane, several vehicles behind the plaintiffs. At some point, Mr. Dodson shifted to the center, passing lane and passed the plaintiffs. During that time, plaintiffs' motorcycle and the trailer collided, throwing plaintiffs onto the road and causing the motorcycle to become attached to the trailer. Mr. Dodson did not immediately notice the attached motorcycle, but eventually did and stopped his vehicle. The plaintiffs suffered multiple injuries from the collision but fortunately survived.

## Analysis

Mr. Dodson seeks summary judgment as to all claims.

As to the claims against "Dodson Trucking," Mr. Dodson seeks judgment on the basis that "Dodson Trucking" is only a business name for him, a sole proprietor, and there is no other or separate entity of "Dodson Trucking." Plaintiffs do not controvert any of the evidence as to the status of Dodson Trucking, but instead make a somewhat convoluted argument that the claims against Dodson Trucking can't be formally resolved now because Dodson Trucking hasn't moved for summary judgment. Given the undisputed fact that Dodson Trucking does not even exist as a separate entity, there is no need to wait for a separate motion from the non-existent entity. In any event, as there is no dispute as to the non-existence of "Dodson Trucking" as a legal entity, all claims nominally against it will be dismissed.

Mr. Dodson also seeks summary judgment as to the negligence claim against him. He contends there is no evidence which would support a non-speculative inference of his negligence. The court concludes otherwise. While there is apparently no eyewitness who can explain exactly how the accident occurred, there is evidence that the back of Mr. Dodson's trailer at some point swung into the right-hand lane plaintiffs occupied. There is evidence which would support inferences that Mr. Dobson was driving aggressively, was initially following too close given the conditions, and that his attempt to pass was unreasonable in light of the weather conditions. There is also evidence via the investigating highway patrolman that Mr. Dodson told him it was "possible" that his trailer had swung into the plaintiffs' lane. Viewing this evidence in the light most favorable to plaintiffs, the

evidence is sufficient to create a dispute of material fact which precludes summary judgment on the negligence claim.[1]

Mr. Dodson also seeks summary judgment as to plaintiffs' request for punitive damages even if the court declines to grant summary judgment as to the negligence claim itself. That poses a considerably closer question.

As defendant correctly notes, a request for punitive damages is not a separate "claim" but it is subject to a different standard of proof. Under Oklahoma law, which all parties concede governs the question, a plaintiff must establish a basis for punitive damages by showing at least reckless disregard for the rights of others and must do so by "clear and convincing evidence." 23 Okla. Stat. § 9.1(A)-(C). The "clear and convincing" standard requires plaintiffs to produce a more compelling quantum of proof to create a justiciable issue as to punitive damages, and it is less than obvious that they have done so here. Even plaintiffs' own evidence indicates that Mr. Dobson passed the motorcycles while moving relatively slowly; he was apparently moving only a few miles per hour faster than the motorcycles and was traveling well under the usual speed limit. He did not stop immediately, but there is no apparent reason to disbelieve his explanation that he didn't immediately know of the collision with the motorcycle, given the relatively minor impact of the collision (to the trailer, not the motorcycle), the impact of the weather conditions on

---

[1] *In light of this conclusion, it is unnecessary to resolve whether plaintiffs' theories based on negligence per se might also be a basis for avoiding summary judgment. The court notes, however, that none of the laws or regulations upon which plaintiffs rely appear to involve any standard or issue that differs from the basic question presented by the simple negligence claim.*

4

visibility, and the surrounding circumstances. However, the evidence of the severity of the weather conditions also potentially supports an inference that <u>any</u> effort to pass was unreasonable under the circumstances, a view apparently held, emphatically, by one of the organizers of the motorcycle trip. In any event, the court concludes for present purposes, drawing all inferences in favor of the plaintiffs, that the evidence is sufficient — barely — to avoid summary judgment as to the punitive damages request.[2]

### Conclusion

For the above reasons, defendants' motion for summary judgment [Doc. #28] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent of dismissing all claims against "Dodson Trucking." The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2] This determination does not preclude a Rule 50 motion directed to the issue at the close of trial, if otherwise warranted.